EULOGIA GAUTIER y FÉLIX MANUEL FLORES, recurrentes, *v.* G. ATILES MORÉU, ADMINISTRADOR DEL FONDO DEL ESTADO, y COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandados.

Núm. 326.—*Sometido:* Noviembre 16, 1944. *Resuelto:* Diciembre 8, 1944.

*Eulogia Gautier* y *Félix Manuel Flores,* por su propio derecho; *Joaquín Correa Suárez,* abogado del Administrador del Fondo, recurrido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los beneficiarios del obrero Julio Flores Meléndez alegaron ante el administrador del Fondo del Seguro del Es-

tado que mientras el obrero trabajaba para el patrono asegurado The Fajardo Sugar Growers Ass'n. (Loíza Section) en el mes de julio de 1942 recibió un golpe con motivo de una caída que sufrió en el curso de su trabajo, y que como consecuencia de la trauma recibida, le sobrevino la muerte. El administrador negó la compensación, recurriendo entonces los beneficiarios para ante la Comisión Industrial. Señalada la vista para el 7 de diciembre de 1943, comparecieron los beneficiarios con su prueba testifical, pero su abogado Gerardo J. Walker no compareció a pesar de haber sido oportunamente notificado. Llamado el caso, los beneficiarios manifestaron que no podían entrar a la vista porque su abogado no se hallaba presente. Aparece de los autos un telegrama enviado por dicho abogado desde Río Grande el 6 de diciembre de 1943, dirigido al presidente de la Comisión suplicándole la posposición del caso para la una y media de la tarde por tener el abogado un señalamiento previo en la corte de distrito. A pesar de que la Comisión esperó por él hasta las tres de la tarde, no compareció. El presidente de la Comisión manifestó a los beneficiarios que los ayudaría a conducir su caso a fin de que no se suspendiese el procedimiento, pero los beneficiarios no aceptaron. El administrador solicitó entonces el sobreseimiento y su moción fué declarada con lugar, con la condición de abrir nuevamente el caso si los peticionarios y su abogado demostraban un motivo que lo justificara. Posteriormente se dejó sin efecto la orden de sobreseimiento a virtud de moción radicada por los peticionarios por conducto de su abogado Walker, y se señaló nuevamente la vista para el 30 de marzo de 1944. Ese día compareció el abogado Walker, pero no sus testigos. Anunció a la Comisión que su testigo principal, el doctor Jacinto González, se hallaba enfermo y había puesto un telegrama anunciando su imposibilidad de asistir a la Comisión ese día. En efecto, aparece de los autos que el telegrama fué recibido en la Comisión el mismo día a las

10:50 de la mañana (a pesar de haber sido puesto a las 8:35 de la mañana). Excusando la incomparecencia de sus otros testigos, informó el abogado que él les había indicado que no comparecieran porque, no pudiendo asistir el doctor González, que era el testigo principal, la vista se suspendería. El abogado del administrador propuso que se le permitiese presentar su prueba y en ocasión posterior se oyese a los peticionarios, con lo cual estuvo conforme el abogado de éstos, pero el comisionado no lo permitió, alegando que de hacerlo así, se invertiría el orden de la prueba, toda vez que eran los beneficiarios los que en primer término debían presentar la suya. En tales circunstancias el comisionado denegó la moción de suspensión que oralmente presentó el abogado de los peticionarios, y luego de exponer los distintos incidentes a que nos hemos referido, como razones para desestimar el caso expresó:

"Se opone el Administrador a la suspensión del caso por entender que no sólo ya esta situación se ha repetido en ocasión anterior, sino que no se ha cumplido con el reglamento al solicitarse la suspensión. El reglamento de la Comisión, en su artículo quinto, inciso C dispone lo siguiente: 'Las solicitudes de suspensión se harán por escrito expresándose las razones para ello.' 'No se concederá suspensión alguna excepto por razones justas.' 'Una copia de la petición de suspensión será notificada a las partes.' Entiende este Comisionado que si bien es cierto que a los obreros que tienen casos pendientes ante esta Comisión debe dárseles toda la oportunidad de probar sus casos, sin embargo no llega el derecho del obrero hasta el extremo de obstaculizar la marcha de los demás procedimientos pendientes ante esta Comisión y de lesionar los derechos de la otra parte, que también deben ser salvaguardados por esta Comisión, cuya misión es impartir justicia para todas las partes por igual. Entiende este Comisionado que no está justificada la suspensión de este caso y que no se han aducido razones suficientes para que se decrete dicha suspensión y que la solicitud no cumple con nuestro reglamento. . . . Es de lamentarse que en un caso precisamente de muerte, se prive de compensación a personas que presuntivamente tienen derecho a ella, pero esta Comisión, que ejerce funciones también cuasi judiciales, debe atemperarse lo más posible a las reglas

de procedimiento civil que rigen en las cortes de acuerdo con la propia Ley y una situación como ésta no sería tolerada en ninguna corte de justicia y no vemos por qué nosotros debemos tolerarla cuando funcionamos como organismo cuasi judicial.''

■■■ Por los autos tenemos conocimiento de la gran cantidad de trabajo acumulado en la Comisión para la fecha en que este caso fué resuelto; nos damos cuenta de los laudables esfuerzos que los miembros de la Comisión vienen realizando para que su calendario esté al día; censuramos a aquellos abogados que lejos de cooperar obstruyen la labor de la Comisión; pero creemos que en el presente caso no está justificado el castigo impuesto a los beneficiarios desestimándoles su caso. Que el doctor González estaba enfermo el día de la vista no ha sido controvertido por nadie, y debemos presumir que su incomparecencia estuvo justificada. Si tenemos en cuenta que los beneficiarios son gente pobre, dependientes de un obrero, comprenderemos que su incomparecencia el día de la vista, sabiendo que el testigo principal se hallaba enfermo, no está del todo injustificada, pues para dichos testigos un viaje de Río Grande a San Juan, ante la perspectiva de una suspensión por habérselo así anunciado el abogado, representa un sacrificio inútil. Sin duda si el comisionado hubiese aceptado la proposición del abogado del administrador, con la cual estuvo conforme el abogado de los beneficiarios, al efecto de oír entonces la prueba del administrador y en ocasión posterior la de los beneficiarios, ningún perjuicio se hubiera causado al primero ni tampoco a los segundos, ni la labor de la Comisión hubiera sido notablemente perjudicada.

El hecho de que la Comisión sea una junta de naturaleza cuasi judicial y que los procedimientos ante ella, hasta donde fuere posible, se rijan por los de las cortes de distrito, no implica que dicha comisión deba abandonar la flexibilidad y sencillez características del procedimiento administrativo. Parece apropiado reproducir aquí las siguientes palabras

282

con que el Juez Frankfurter da principio a su opinión disidente en el caso de *Communications Comm'n.* v. *N.B.C.*, 319 U. S. 239, 248, 87 L. Ed. 1374:

"A diferencia de las cortes, cuya misión principal es la determinación de derechos privados aunque intereses públicos puedan estar envueltos, las agencias administrativas están principalmente encargadas de la determinación de derechos públicos aunque los intereses privados puedan ser afectados. En no pequeño grado las agencias administrativas para la determinación de derechos públicos fueron creadas por el Congreso debido a la necesidad de seguir procedimientos más flexibles y menos tradicionales que los desarrollados por las cortes de justicia. Es esencial a la vitalidad del proceso administrativo que los poderes sobre la forma del procedimiento a seguir conferidos a estas agencias administrativas no estén limitados a los métodos convencionales por los cuales se efectúa la labor de las cortes."

Los elevados fines de la Ley de Compensaciones por Accidentes del Trabajo se cumplen mejor dando una nueva oportunidad a los beneficiarios del obrero de ser oídos, y a ese fin *procede dejar sin efecto la resolución recurrida y devolver el caso a la Comisión para la celebración de la vista.*